IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSALIE GARZA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _ 5:22-cv-229_ |
| | § | |
| | § | JURY TRIAL |
| MCCAMEY COUNTY | § | |
| HOSPITAL DISTRICT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

Comes Now ROSALIE GARZA, Plaintiff herein, and files this Original Complaint against Defendant MCCAMEY COUNTY HOSPITAL DISTRICT and in support shows:

### I.

### PARTIES

1. Plaintiff Rosalie Garza ("Plaintiff" or "Garza") is currently a citizen and resident of Bexar County, Texas and is a former employee of Defendant. Plaintiff worked for Defendant McCamey County Hospital District in Upton County, Texas. and all relevant events occurred within this federal district.

2. Defendant McCamey County Hospital District is a Texas corporation headquartered at 2500 S. Hwy 305, McCamey, Texas 79752. Plaintiff has requested that Defendant execute and file a Waiver of Citation and Service. If Defendant does not agree to a waiver, service may be requested.

3. Should Plaintiff learn that the business is owned by a different corporation or other business entity, then the Plaintiff would request leave to add as a proper party, substitute the true name and/or to serve said corporation or business entity.

1

## II.

## JURISDICTION AND VENUE

4. Venue is proper in the Western District of Texas, and in that, all or a substantial part of the events or omissions giving rise to this cause of action occurred in the Western District of Texas and/or the Plaintiff is a resident within this District. Moreover, venue is proper in the Western District of Texas in that Defendant conducts business within this district.

5. This Court has jurisdiction pursuant to a federal question. Plaintiff seeks relief under the federal Declaratory Judgment Act, 28 U.S.C. Secs. 2201 and 2202  Plaintiff further seeks relief pursuant to the Fair Labor Standards Act. Plaintiff further seeks relief pursuant to 42 U.S.C. sec.1981, 1981(a), 42 U.S.C. sec.1988. Plaintiff pleads a cause of action against Defendant for violation of U.S.C. sec. 1981, and will later seek relief under Title VII, the Americans With Disabilities Act and the Age Discrimination in Employment Act and/or Texas Labor Code invoking this Court's subject matter jurisdiction after administrative review through the EEOC and/or Texas Commission on Human Rights.

6. Plaintiff further pleads a state law cause of action for breach of contract, detrimental reliance and promissory estoppel. Plaintiff asserts this Court has pendent claims/supplemental jurisdiction over Plaintiff's action for breach of contract, detrimental reliance and promissory estoppel. The claims involve Plaintiff's employment with the defendant. The claims involve the same parties and are so related to the claim giving rise to this Court's original jurisdiction that they form part of the same case or controversy within Article 3 of the U.S. Constitution and the Court can assert supplemental jurisdiction pursuant to 28 U.S.C. Sec. 1367.

## III.

## MISNOMER/MISIDENTIFICATION

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.

## RESPONDEAT SUPERIOR

8. Employees involved in this cause of action were at all times described herein employees and vice-principals of defendant(s) and were at all times acting in the course and scope of that employment. Accordingly, defendant(s) are liable for such conduct under the doctrine of *Respondeat Superior*.

9. At all times relevant to this lawsuit, Defendant, its agents and employees, was/were aware of the acts and omissions alleged herein, and through its authorized employees, agents, officers, executives, or representatives, knowingly formulated, participated in, and/or approved the wrongful and illegal conduct complained of herein.

## V.

## PROCEDURAL STATEMENT

10. Plaintiff has satisfied all administrative conditions precedent to filing suit for the currently pending claims herein. Plaintiff anticipates filing other employment related claims after administrative review by the relevant state and federal agencies.

## VI.

## RELEVANT FACTS

11. Plaintiff is a fifty-three-year-old female Hispanic who was hired by Defendant and entered into a contractual agreement on or about July 22, 2020. Plaintiff and Defendant entered into an employment contract where Plaintiff was employed as a nurse practitioner from August 10, 2020, to July 31, 2021, with

provisions for a one-time automatic renewal of the contractual agreement for one year (See Contractual Agreement attached hereto as Exhibit 1, paragraph 1).

12. As a result, Plaintiff's employment agreement automatically renewed for another year to July 31, 2022. It is asserted Defendant breached the terms of Plaintiff's employment contract between Plaintiff and Defendant and has refused to pay all amounts owed under the contract even after demand for payment

13. On October 8, 2021, Defendant terminated Plaintiff, without providing proper written notice.  It is asserted Defendant did not provide Plaintiff with required written notice of termination and, as a result, Plaintiff is entitled to lost wages, damages and benefits for the period from October 8, 2021, to July 31, 2022.  Pursuant to the contract, the Compensation and Benefits to which Plaintiff is entitled include (1) Annual base salary of $140,000 ($11,667 per month); (2) An additional $500 per weekday for working in Emergency Room Coverage; and an additional $1,000 per weekend day for working in Emergency Room Coverage: this totaled approximately $9,000 per month for Emergency Room duties; and (3) a standard benefit package, including Paid Medical malpractice and tail insurance, Vacation, Health, dental and life insurance; (4) TCDRS retirement with a 7% (seven percent) match; (5) Bonus for Plaintiff performing  duties at the Convalescent Center for over 11 months of which Defendant had not compensated Plaintiff.

14. Plaintiff worked from November 20, 2021, thru October 8, 2021, often working in excess of 40 hours per week.  She worked at her primary location and was asked to work at other facilities owned and/or overseen by Defendant.  CEO Ramirez and Medical Director Dr. Addison repeatedly told Plaintiff that Defendant wase going to compensate Plaintiff for these  "Extra" services Plaintiff was performing. Plaintiff never was paid any type of compensation. A Provider performing these services, to come and monitor the health of the residents at the Center, would have been paid and would have cost the hospital from $35,000 to $40,000 for the 11 months. Nevertheless, Plaintiff was entitled to additional pay and overtime pay for all hours worked in

excess of 40 hours per week.  It is asserted that she is also now owed liquidated damages and mandatory attorneys' fees for the unpaid time, as provided under the Fair Labor Standards Act.

15. Plaintiff lived in San Antonio and was required to obtain living accommodations in order to work for Defendant at the McCamey County Hospital District in McCamey County, Texas. Plaintiff moved her RV trailer to Defendant's location in McCamey and parked it on one of Defendant's lots.  Defendant charged Plaintiff four hundred dollars ($400) monthly rent to let Plaintiff park her RV trailer on its lot behind the hospital. Defendant provided the actual living quarters free to all other employee and contractors residing on its property. Dr. Adams and her husband PA Adams, are living in newly installed living quarters (modular homes) in the same lot where Plaintiff's RV trailer was located. Defendant does not charge Adams and they are living there free of any Charge. Other employees live on location and do not pay rental fees. Plaintiff paid fourteen (14) months of $400 per month rental fees which Defendant deducted from Plaintiff's paycheck. This totals $5600.

16. Plaintiff was terminated on or about October 8, 2021. Defendant's CEO Ramirez told Plaintiff that the reason Plaintiff was terminated was the newly hired Medical Director, Stacy Adams, instructed CEO Ramirez that Plaintiff did not have enough Emergency Room work experience. Plaintiff had worked in Defendant's Emergency Room for over fourteen (14) months satisfactory and with no complaint.

17. Defendant replaced Plaintiff and hired a new Nurse Practitioner who had little to no experience as an Emergency Room Nurse Practitioner.  Plaintiff's replacement is a white male who is much younger than Plaintiff and who received his Nurse Practitioner credentials in September 2021, one month before Defendant fired Plaintiff.

18. On or about September 1, 2021, Plaintiff engaged in protected activity. Plaintiff reported to Dwayne Duncan, President of the Board of Directors, McCamey County Hospital that Plaintiff had been and was being subjected to a hostile working environment at the McCamey Hospital Primary Care Medical Clinic that included actions by Lisa Anderson, the clinic office manager, and the failure of CEO Jaime Ramirez to adequately address and resolve the ongoing problem. Defendant took no corrective action.

19. Defendant's Policy and Procedures has a specific Problem-Solving Procedure which states that "*if employees work-related problems occur and are not resolved, and if the issue involves the Chief Executive Officer, that these issues can go before the Board of Trustees*." Pursuant to Defendant's policies, Plaintiff reported harassment to the President of the Board of Directors and to the Board of Directors.

20. Plaintiff also informed the Board that she felt truly been blessed by her job and having the privilege to provide medical services to the residents of McCamey community for over one year where Plaintiff had established an excellent and honest relationship with patients; and that Plaintiff's plans were to remain working at the McCamey County Hospital District for years to come.

## VII.

### CAUSE OF ACTION: 42 U.S.C. 1981: RACE / NATIONAL ORIGIN DISCRIMINATION

21. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

22. Defendant violated Plaintiff's rights under 42 U.S.C. 1981, by discharging and otherwise discriminating against her on the basis of her race (Hispanic) with respect to her compensation, terms, conditions, and privileges of employment; and by limiting, segregating, and classifying her in a way which deprived or tended to deprive her of employment opportunities or adversely affected her status as an employee because of her national origin / race.

23. Plaintiff remains qualified for the job she held while employed by Defendant. Plaintiff diligently performed the requirements of her job while employed by Defendant.

24. Defendant subjected Plaintiff to a hostile working environment.

25. Defendant terminated Plaintiff's employment on or about October 8, 2021.

26. Plaintiff's national origin/race was a motivating factor in Defendant's decision to terminate Plaintiff.

27. Plaintiff suffered damages as a result of Defendant's violations of 42 U.S.C. 1981.

## VIII.

### CAUSE OF ACTION: 42 U.S.C. 1981: RETALIATION

28. In the alternative, Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

29. Plaintiff protested treatment that violated rights under 42 U.S.C. sec. 1981, by discharging and otherwise discriminating against Plaintiff on the basis of Plaintiff protesting conduct which violated 42 U.S.C. Sec. 1981, and by the terms, conditions, and privileges of employment; and by limiting, segregating, and classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of employment opportunities or adversely affected Plaintiff's status as an employee.

30. Plaintiff is Hispanic therefore, Plaintiff was is a member of a protected class.

31. Plaintiff remains qualified for the job she held while employed by Defendant. Plaintiff diligently performed the requirements of her job while employed by Defendant.

32. Plaintiff's protected conduct was a motivating / determinative factor in Defendant's decision to terminate Plaintiff.

33. Plaintiff suffered damages as a result of Defendant's violations of 42 U.S.C.sec. 1981.

## IX.

## FAILURE TO PAY OVERTIME COMPENSATION - VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)

34. In addition to Plaintiff's other work duties, Defendant requested that Plaintiff work in Defendant's Nursing Home facility. At Defendant's request, Plaintiff worked in Defendant's Nursing Home facility. Defendant did not pay Plaintiff for the time / hours Plaintiff worked in Defendant's Nursing Home facility.

35. As a result of the additional hours worked, Plaintiff regularly worked weekly hours in excess of 40 hours per weekly at one or both facilities. Plaintiff was entitled to overtime wages. Defendant did not pay Plaintiff overtime wages for all hours worked over 40 hours per week.

36. Defendant's failure to pay overtime to Plaintiff, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 USC Sec.255(a) and entitles Plaintiff to liquidated damages.

37. Plaintiff is entitled to recover mandatory attorney's fees, liquidated damages and costs under the FLSA. 29 USC Sec.216(b).

### Defendant Failed to Keep Accurate Records of Time Worked

38. The FLSA requires employers to keep accurate records of hours worked by non-exempt employees. 29 USC Sec. 211(c).

39. In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

## X.

## SUIT FOR DECLARATORY JUDGMENT

40. Pursuant to 28 U.S.C. Secs. 2201 and 2202, Plaintiff files suit for Declaratory Judgment to seek early adjudication and resolve Plaintiff's rights under the Parties' contract where Defendant employed Plaintiff.

41. Plaintiff has shown that there is a contract issue and that her claims for breach of contract involves an actual controversy.

42. Plaintiff seeks a determination that the termination was unwarranted and constitutes a breach of the agreement at issue.

43. Plaintiff seeks a declaration and determination that the termination of Plaintiff by Defendant did not eliminate the requirement that Defendant pay for the remaining pay and benefits provided for the contract.

44. Plaintiff seeks a declaration and determination that as a result of the termination of Plaintiff and breach by Defendant that the terms of the contract regarding the Restrictive Covenant set out at paragraph 4 of the agreement is no longer enforceable.

45. Plaintiff seeks a declaration and determination that as a result of the termination of Plaintiff and breach by Defendant of the agreement that the terms of the contract regarding the Confidentiality provision set out at paragraph 5 of the agreement is no longer enforceable.

XI.
PENDENT CLAIM
VIOLATION OF
Texas Health and Safety Code § 161.134-135

46. Plaintiff hereby incorporates all preceding paragraphs of this petition as if they were set forth within this cause of action.

47. Plaintiff seeks relief pursuant to Tex. Health & Safety Code sections 161.134- to remedy the adverse actions of which she complains.

48. Plaintiff suffered retaliation, including hostile working environment and termination for Plaintiff

reporting her concerns and complaints that affected the health and safety of patients and clients, staff and herself at the Defendant's place of business

49. The facts demonstrate (1) Plaintiff was an employee of a hospital, mental health facility, or treatment facility; (2) she reported a violation of law; (3) the report was made to a supervisor, an administrator, a state regulatory agency, or a law enforcement agency; (4) the report was made in good faith; and (5) she was suspended, terminated, disciplined or otherwise discriminated against. *See id.* 161.134(a), (f); *Muenster Hosp. Dist. v. Carter,* No. 02–06–00301–CV, 2007 WL 174413, at 4 (Tex. App. -- Fort Worth Jan. 25, 2007, no pet. h.).

## XII.

## PENDENT CLAIM

## BREACH OF CONTRACT

50. Plaintiff asserts a breach of contract claim pursuant to Tex.Civil & Remedies Code Sec. 38 et seq.

51. On or about July 22, 2020, Plaintiff contracted with Defendant to work in the capacity of Nurse Practitioner. Plaintiff's first year's employment began on August 20, 2020, and ran through July 31, 2021, and to "*automatically renew for one year more unless either party delivers written notice to the other party*".

52. The contracted notice was: (Contract p.3, sec. 8)

*"Any notice required to be given hereunder shall be deemed to have been properly given if delivered personally or sent by pre-paid registered mail as follows:*

a. To the Employee: 8606 Spanish Moss, San Antonio, TX 78239
b. To the Employer: PO Box 1200, McCamey TX 79752

53. August 1, 2021: Plaintiff's employment automatically renewed for another year to July 31, 2022.

54. October 8, 2021, Defendant terminated Plaintiff without written notice delivered to Plaintiff as required by the Contract p.1, sec.1.

55. Pursuant to the parties' contract, the Compensation and Benefits: Plaintiff earned:

a. Annual base salary of $140,000 ($11,667 per month);

b. An additional $500 per weekday for working in Emergency Room Coverage; and an additional $1,000 per weekend day for working in Emergency Room Coverage: this totaled approximately $9,000 per month for Emergency Room duties;

c. Defendant's agreed standard benefit package which included:

(1) Paid Medical malpractice and tail insurance;

(2) Vacation;

(3) Health, dental and life insurance;

(4) TCDRS retirement with a 7% (seven percent) match;

(5) $35000 for duties Plaintiff performed at Convalescent Center for 11 months.

56. Plaintiff has established that Defendant breached its employment contract with Plaintiff and Defendant owes Plaintiff damages, including lost wages and benefits for the period from October 8, 2021, to July 31, 2022.  This is a total of 10.75 months damages at $20,667 per month wages which equals $222,170.25; plus the value of 10.75 weeks of lost benefits. .

57. Plaintiff is also entitled to recover reasonable attorney's fees.

### XIII.

### PENDENT CLAIM

### Claims Based on Fraud, Detrimental Reliance, Promissory Estoppel and/or Quantum Meruit

58. Plaintiff has established that Defendant breached its employment contract with Plaintiff and Defendant owes Plaintiff damages, including lost wages and benefits for the period from October 8, 2021, to July 31, 2022.  Incorporating the facts alleged above, Defendant made promises and agreements on which Plaintiff relied, which promises were violated by Defendant and/ or which

promises turned out to be false. Plaintiff relied on these promises to her detriment and, as a result, incurred damages for which she now sues.

## JURY DEMAND

59. Plaintiff demands a jury trial and tenders any required fee.

## PRAYER

60. For these reasons, Plaintiff prays that this Court enter a judgment in her favor and against Defendant for the following:

   a. Actual damages;

   b. Liquidated damages as allowed by any applicable statute;

   c. Compensatory damages

   d. Exemplary damages;

   e. Lost back wages;

   f. Lost future wages in lieu of reinstatement;

   g. Reasonable attorneys' fees, including expert witness fees;

   h. Pre-judgment and post-judgment interest;

   i. Costs of court; and

   j. All further legal and equitable relief to which Plaintiff may be entitled.

61. Plaintiff further seeks declaratory relief including a declaration Plaintiff seeks a determination that the termination was unwarranted and constitutes a breach of the agreement at issue; a declaration and determination that the termination of Plaintiff by Defendant did not eliminate the requirement that Defendant pay for the remaining pay and benefits provided for the contract; a declaration and determination that as a result of the termination of Plaintiff and breach by Defendant that the terms

of the contract regarding the Restrictive Covenant set out at paragraph 4 of the agreement is no longer enforceable; and a declaration and determination that as a result of the termination of Plaintiff and breach by Defendant of the agreement that the terms of the contract regarding the Confidentiality provision set out at paragraph 5 of the agreement is no longer enforceable.

Plaintiff further prays that Defendant be cited to appear and answer herein and for all the relief requested above be rendered for Plaintiff and against Defendant, for the damages set out above in the amount deemed reasonable under the circumstances, along with attorneys' fees, costs of court, pre-judgment interest, post-judgment interest and for such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

By: /s/ Adam Poncio
**Adam Poncio**
**State Bar No. 16109800**
**aponcio@ponciolaw.com**
**Alan Braun**
**State Bar No. 24054488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., # 109**
**San Antonio, Texas 78229-3550**
**Telephone:    (210) 212-7979**
**Facsimile:     (210) 212-5880**

**Chris McJunkin (Of Counsel)**
**SDN 23548**
**State Bar #13686525**
**4510 Anthony St.**
**Corpus Christi, Tx. 78415**
**Tel: (361) 882-5747**
**Fax: (361) 882-8926**
**cmcjunkin@stx.rr.com**

**ATTORNEYS FOR PLAINTIFF**