**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ROSALIE GARZA, | § | |
| *Plaintiff* | § | |
| | § | SA-22-CV-00229-XR |
| -vs- | § | |
| | § | |
| MCCAMEY COUNTY HOSPITAL | § | |
| DISTRICT, | § | |
| *Defendant* | § | |

<u>**ORDER GRANTING MOTION TO TRANSFER VENUE**</u>

On this day, the Court considered Defendant's Motion to Transfer Venue (ECF No. 5) and Plaintiff's response (ECF No. 6). After careful consideration, Defendant's motion is **GRANTED.**

**BACKGROUND**

Plaintiff Rosalie Garza brings this wrongful termination suit against Defendant McCamey County Hospital District (the "Hospital"), asserting claims for race/national origin discrimination and retaliation under 42 U.S.C. 1981, claims for overtime pay under the Fair Labor Standards Act, and various state law claims, including breach of employment contract. In 2020, Plaintiff relocated from San Antonio to the Hospital's location in Upton County, Texas, where she lived and worked as a nurse practitioner for fourteen months prior to her termination in October 2021. Since her termination, Plaintiff has returned to San Antonio, where she currently lives with her elderly parents and her husband, all of whom require medical supervision. ECF No. 6 at 2.

Plaintiff filed this suit in the Western District of Texas, San Antonio Division. Defendant then filed a Motion to Transfer Venue (ECF No. 5), requesting that venue be transferred to the Midland/Odessa Division of the Western District of Texas. Defendant submits that the Midland/Odessa Division is clearly more convenient because most of the pertinent documents and witnesses are located at or near the Hospital in Upton County, Texas, which is 74 miles from the

U.S. District Court in Midland and 289 miles from the U.S. District Court in San Antonio. ECF No. 5 at 2. Defendant further argues that the San Antonio Division lacks subpoena power over key witnesses, that key witnesses would be subject to high travel costs to San Antonio, and that the Hospital would suffer without those key witnesses' services. *Id.* at 3–5. Finally, Defendant asserts that the Midland/Odessa Division has a local interest in adjudicating the dispute. *Id.* at 5.

In response to Defendant's motion, Plaintiff contends that the relevant documents can be produced electronically and that witnesses need not travel to San Antonio, since all relevant witness testimony can be obtained by deposition. ECF No. 6 at 5–6. Plaintiff further asserts that trial in Midland would create substantial hardship for her and her family and that the San Antonio Division has a similar local interest in adjudicating the dispute as the Midland/Odessa Division. *Id.* at 6–8.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." After determining that the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors include "(1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an

2

unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws." *Id.* However, none of these factors are given dispositive weight. *Id.*

The burden of showing "good cause" rests with the defendant under 28 U.S.C. § 1404(a), requiring him to persuade the court "that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 314 (5th Cir. 2008). However, the burden is easier to satisfy than that for forum non conveniens, and a district court has broader discretion in ordering transfer under § 1404(a). *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). This is because, unlike forum non conveniens, a change of venue maintains the same federal forum, so a defendant's burden of showing "good cause" is already enough to protect the plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314–15.

## ANALYSIS

### I.   Whether the Case "Might Have Been Brought in the Transferee District"

A district court is a venue where the action "might have been brought" if it satisfies the statutory venue requirements set out in 28 U.S.C. § 1391. *Hoffman v. Blaski*, 363 U.S. 335, 354 (1960). All of the events giving rise to the Plaintiff's claims occurred at the Hospital in Upton County, one of the counties served by the Midland/Odessa Division. Plaintiffs do not dispute that the Midland/Odessa Division would be a proper venue for this matter. Therefore, the Midland/Odessa Division is a venue where the action might have been brought.

### II.   Private Interest Factors

#### A.   *Relative ease of access to sources of proof*

Defendant asserts that "the pertinent documents and records related to liability in this case, including the original contract and personnel file and other documents regarding the Plaintiff, will be located at the Hospital in Upton County, Texas." ECF No. 5 at 3–4. In response, Plaintiff does

3

not point to any evidence or witnesses located in a closer proximity to San Antonio than Midland. Instead, she simply observes that the relevant records have been or can be easily obtained through service by email. ECF No. 6 at 5.

Although Plaintiff asserts that the evidence can be easily brought to San Antonio, the fact remains that most, if not all, of the relevant evidence and witnesses are located within the Midland/Odessa Division. The question is relative ease of access. *In re Radmax.*, 720 F.3d 285, 288 (5th Cir. 2013). That many records will be produced electronically does not change the fact that the "relative ease of access" factor weighs in favor of transfer. In *Volkswagen II*, the Fifth Circuit noted that when all of the documents and physical evidence are located in one division, this factor weighs in favor of transfer to that division. *Volkswagen II*, 545 F.3d at 316. Therefore, this factor weighs in favor of transfer to the Midland/Odessa Division.

### B.    *Availability of compulsory process to secure the attendance of witnesses*

Defendant asserts that many of the material witnesses, particularly the current and former Hospital employees with whom Plaintiff regularly interacted during her employment, reside within Upton County and therefore within range of the Midland/Odessa Division's subpoena power. ECF No. 5 at 4. Plaintiff counters that the limits on the San Antonio Division's subpoena power will not be relevant because all witness testimony will be presented via deposition from "unavailable witnesses" pursuant to FED. R. CIV. P. 32(a)(4)(B). ECF No. 6 at 5–6.

All relevant witnesses identified by the parties are located within the Midland/Odessa Division's 100-mile subpoena range under Federal Rule of Civil Procedure 45, while no identified witnesses are located within the San Antonio Division's subpoena range. FED. R. CIV. P. 45(c)(1)(A). When one venue enjoys absolute subpoena power over witnesses for both deposition

and trial, that venue is favored over one that does not. *Volkswagen II*, 545 F.3d at 316. Therefore, this factor weighs in favor of transfer to the Midland/Odessa Division.

> C.     *Cost of attendance for willing witnesses*

As above, both parties acknowledge that all relevant witnesses are located closer to the Midland/Odessa venue than San Antonio. Defendant points to at least four key witnesses who reside in Upton County, which is 74 miles from the U.S. District Court in Midland and 289 miles from the U.S. District Court in San Antonio.

These witnesses would "not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community. *Volkswagen II*, 545 F.3d at 317. When the distance between the existing venue and the proposed venue exceeds 100 miles, as it does here, the Fifth Circuit's 100–mile rule, as set out in *Volkswagen I* and *Volkswagen II*, applies. *Id*. The 100 mile-rule provides that the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled. *Id*.

Since all relevant witnesses are located within 100 miles of the District Court in Midland and well over 100 miles from the District Court in San Antonio, it would be more inconvenient and more expensive for witnesses to attend trial in the San Antonio Division. Therefore, this factor weighs in favor of transfer to the Midland/Odessa Division.

> D.  *All other practical problems*

Beyond the expressly listed private factors, the Court is also required to consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 3. Convenience to the witnesses is more important than that of the parties, but the parties' convenience is also relevant. Both Plaintiff and Defendant highlight practical problems they would face if asked to travel to the other's preferred forum. Defendant contends that, as a small, rural

hospital, it will suffer staffing problems if its employees, as witnesses, have to travel to San Antonio. *Id.* at 4–5. Plaintiff asserts that her parents and husband, who live with her in San Antonio, require assistance with daily living tasks and medical care that Plaintiff will be unable to provide if she has to travel to the Midland/Odessa courthouse. ECF No. 6 at 6–7. As both parties' concerns are legitimate and each would suffer inconvenience, this factor is neutral.

## III.    Public Interest Factors

### A.    Court congestion

Neither party contends that this a relevant factor. Therefore, this factor is neutral.

### B.    Local interest in having localized disputes decided at home

Defendant contends that the Midland/Odessa Division has a local interest in adjudicating a dispute between an employer located within its boundaries and its workers. ECF No. 5 at 5. Plaintiff counters that the San Antonio Division has an equal interest as the dispute is involves the application of federal law to all citizens of the Western District. ECF No. 6 at 7.

The Midland/Odessa Division's interest in adjudicating this dispute outweighs the San Antonio Division's interest. The events underlying the suit occurred in within the Midland/Odessa division, all identified witnesses live in the Midland/Odessa division, and the suit concerns a Midland/Odessa employer and employees. The only potentially relevant factual connection to the San Antonio Division—Plaintiff's residing in San Antonio before and after her employment with the Hospital—is outweighed by all other relevant events occurring within the Midland/Odessa Division. Therefore, this factor weighs in favor of transfer.

### C.    The familiarity of the forum with the law that will govern the case

Both this Court and the Midland/Odessa Division are equally capable of hearing this dispute. Therefore, this factor is neutral.

D.      *Conflict of law*

Neither party contends that this is a relevant factor. Therefore, this factor is neutral.

## CONCLUSION

As discussed above, most factors weigh in favor of transfer or are neutral. Therefore, Defendant has met its burden of showing that transferee venue is clearly more convenient.

For the foregoing reasons, Defendant's Motion to Transfer Venue (ECF No. 5) is **GRANTED** and this case is **TRANSFERRED** to the Midland/Odessa Division of the Western District pursuant to 28 U.S.C. § 1404.

It is so **ORDERED**.

SIGNED this 2nd day of June, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE